**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FRANK SOLIS,
Petitioner,

v.

No. 98-2415

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an
Order of the Board of Immigration Appeals.
(A23-726-210)

Argued: January 25, 1999

Decided: July 19, 1999

Before ERVIN, NIEMEYER, and KING,
Circuit Judges.

_____

Dismissed by unpublished opinion. Judge Ervin wrote the opinion, in
which Judge Niemeyer and Judge King joined.

_____

**COUNSEL**

**ARGUED:** Douglas Allen Anderson, Alexandria, Virginia; Elizabeth
Hutton McGrail, Washington, D.C., for Petitioner. H. Bradford Glass-
man, Office of Immigration Litigation, Civil Division, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent. **ON BRIEF:** Frank W. Hunger, Assistant Attorney Gen-
eral, David M. McConnell, Assistant Director, Papu Sandhu, Trial

Attorney, Office of Immigration Litigation, Civil Division, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

ERVIN, Circuit Judge:

Petitioner Frank Solis appeals a final order of deportation issued by
the Bureau of Immigration Appeals ("BIA"). Solis was ordered to be
deported because of a burglary conviction. On that basis, the BIA
found him ineligible for the discretionary relief for which he peti-
tioned. Because we determine that Solis is an alien convicted of a
deportable criminal offense, the Illegal Immigration Reform and
Immigrant Responsibility Act of 1996, Pub. L. No. 104-208,
§ 309(c)(4)(G), 110 Stat. 3009-546, 3009-626 to -627 (1997)
("IIRIRA"), divests this Court of subject matter jurisdiction to hear
his case and we must therefore dismiss this petition.

I.

Solis, a native of Nicaragua, is a lawful permanent resident who
first came to the United States as a nonimmigrant visitor in Septem-
ber, 1978. In April, 1994, Solis pled guilty to burglary, for which he
was sentenced to five years imprisonment. On December 5, 1995, the
INS issued a show cause order charging Solis with deportability due
to his conviction for an aggravated felony under the Immigration and
Nationalization Act ("INA") § 241(a)(2)(A)(iii). See 8 U.S.C.A.
§ 1227(a)(2)(A)(iii) (West 1999) (previously codified at 8 U.S.C.A.
§ 1251(a)(2)(A)(iii)).

At his first hearing before the appointed immigration judge on
April 24, 1996, Solis conceded deportability due to his criminal con-

2

viction and informed the judge that he would seek relief from deportation under INA § 212(c), 8 U.S.C.A. § 1182(c) (West 1999) (repealed by IIRIRA § 304(b), Pub. L. No. 104-208, 110 Stat. 3009-597). The INS was unprepared and unable to locate Solis' file, so the immigration judge recalendared the case. Solis appeared before the immigration judge again on May 29 and June 26, 1996. Each time the INS was unprepared and eventually the case was administratively closed.

Subsequently, Solis moved to have the proceedings recalendared and appeared before the immigration judge on October 15, 1996, at which point he repeated his request for relief from deportation under INA § 212(c) and added a plea for relief under INA § 212(h). Again, the INS did not have Solis' file and the case was continued until October 30, 1996. Finally, a hearing was held on October 30, 1996. There the immigration judge ruled that Solis' burglary conviction rendered him ineligible for relief pursuant to INA§§ 212(c) or (h), and ordered him deported.

Solis appealed the denial of his application for relief to the BIA, alleging that, had the INS been prepared to go forward on the original hearing date, he would not have been precluded from applying for INA §§ 212(c) or (h) relief. He argued that, because of the INS' delay, the AEDPA was retroactively applied to him in violation of the Due Process Clause.[1] He also argued that, because the applicable regulations distinguish between excludable and deportable aliens, the regulations treat similarly situated aliens unequally in violation of the Equal Protection Clause.

On August 27, 1998, the BIA affirmed the immigration judge's decision. The BIA found that INA § 212(h), as amended by the IIRIRA § 348, made Solis ineligible for discretionary relief from deportation because of his felony conviction. Further, the court noted that it was well-established practice that the BIA does not examine

_____

[1] This references the fact that the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996)("AEDPA"), which narrowed the requirements for relief under INA § 212(c), became effective on April 24, 1996, the same date as Solis' first scheduled hearing before the immigration judge.

3

the constitutionality of the regulations that it administers. Finally, the court mentioned in a footnote that Solis' criminal conviction also made him ineligible for INA § 212(c) discretionary relief. Solis appeals the BIA's ruling.

The facts of the case are not in dispute and thus, this Court reviews this case solely for errors of law. Questions of law are subject to a de novo review. See Plyler v. Moore, 129 F.3d 728, 734 (4th Cir. 1997).

II.

As a threshold matter, we must consider whether the IIRIRA removes our jurisdiction over Solis' appeal. Prior to the passage of the IIRIRA, our jurisdiction over criminal deportation cases was controlled by INA § 106, as amended by the AEDPA. After the passage of the IIRIRA on September 30, 1996, INA § 106 was repealed and replaced with new rules governing our review of all direct appeals from the BIA. See IIRIRA § 309. Even though most of these changes did not take effect until April 1, 1997, the IIRIRA also included transitional rules intended to apply to aliens involved in deportation proceedings prior to the Act's effective date and whose deportation order was entered more than thirty days after September 30, 1996. See IIRIRA §§ 309(c)(1), (4). Because Solis was in deportation proceedings before April 1, 1997 and his deportation order did not become final until August 27, 1998, the transitional rules apply in this case.

The transitional rules provide that:

> there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in section 212(a)(2) or section 241(a)(2)(A)(iii), (B), (C), or (D) of the Immigration and Nationality Act (as in effect as of [September 30, 1996]).

IIRIRA § 309(c)(4)(G). As of September 30, 1996, INA § 241(a)(2)(A)(iii) required that "[a]ny alien who is convicted of an aggravated felony at the time after admission [to the United States] is deportable." 8 U.S.C.A. § 1227(a)(2)(A)(iii) (previously codified at

4

8 U.S.C.A. § 1251(a)(2)(A)(iii)). The INS insists that based on these provisions, the IIRIRA divests this Court of its jurisdiction in this case.

We addressed this same issue in Hall v. INS, 167 F.3d 852 (4th Cir. 1999). There we held that the "IIRIRA removes our jurisdiction over the appeals of those aliens who are deportable by reason of their conviction of certain offenses." 167 F.3d at 854. We limited our ruling in Hall, however, concluding that these jurisdiction-limiting procedures are only triggered when certain jurisdictional facts are present; the petitioner must be (1) an alien, (2) who has been convicted of one of the statutorily enumerated offenses requiring deportability. See id. at 855. Our jurisdiction turns on proof of these facts. If we find that Solis' case presents these jurisdictional facts, we must dismiss his petition. See id.

III.

Solis conceded deportability due to his criminal conviction in his first master calendar hearing before the immigration judge. In doing so, he acquiesced that he is an alien deportable because of his conviction of one of the specified offenses. He indicated nothing to the contrary in his briefs or at oral argument. Further, because the offense for which Solis was convicted is clearly enumerated within the text of IIRIRA § 309(c)(4)(G), there is no dispute that his crime renders him deportable.

IV.

Because Solis is an alien who committed an offense that renders him deportable under INA § 241(a)(2)(A)(iii), IIRIRA § 309(c)(4)(G)

5

removed this Court's jurisdiction over his appeal. **2** Accordingly, this petition is

DISMISSED.

_____

**2** In <u>Hall</u>, we also held that denying a criminal alien's direct appeal of a final BIA decision of deportability on jurisdictional grounds did not offend the Constitution's Due Process Clause. <u>See</u> 167 F.3d at 856-57. In that case, as here, this Court found that when a petitioner has notice of the charges against him, an opportunity to be heard before an immigration judge, and appellate review in the BIA and in an Article III court, he "has received all of the process that the Constitution requires-- perhaps more." <u>Id.</u> at 857.